GERALD L. WARREN, OSB #81414
*gwarren@cciservices.com*
280 Liberty St, SE, Ste 206
Salem, Oregon 97301-3595
Telephone: (503) 480-7252
Facsimile: (503) 779-2716
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DAWN WARDLE TAMBURRI,**

Plaintiff,

v.

**CITY OF STAYTON,** an Oregon municipal corporation; **DAVID BALL,** individually and in his official capacity as a Stayton City Police Officer; **BOB THOMAS,** individually and in his official capacity as a Stayton City Police Detective; and **MICHAEL MEEKS,** individually and in his official capacity as a Stayton City Police Sergeant,

Defendants.

Civil No. ____________

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b)

(Marion County Circuit Court Case No. 06C20824)

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON:

Please take notice that defendants hereby remove this action from the Circuit Court of the State of Oregon for the County of Marion to the United States District Court for the District of Oregon, Eugene Division. This removal is based upon the following facts:

1. Defendants are parties to a civil action brought against them in the Circuit Court of the State of Oregon for the County of Marion entitled *Dawn Wardle Tamburri v. City of Stayton, et al.*, Case No. 06C20824. A copy of each Summons and the Complaint in that action, as well as plaintiffs' Request for Production, Proofs of Service and Notice of Intent to take Default are all attached to this Notice of Removal as Exhibit "1". These documents constitute all the process, pleadings and orders that are believed to have been served on defendants in that action up to the present date.

2. The State Court proceeding commenced when plaintiff filed the original Complaint on November 2, 2006. The Complaint and Summons were served on the City of Stayton on November 3, 2006; Defendant Ball on November 4, 2006; Defendant Thomas on November 4, 2006; and Defendant Meeks on November 4, 2006. This Notice of Removal is filed within 30 days after receipt by defendant City of Stayton of plaintiffs' pleading and the removal is timely under 28 USC § 1446(b).

3. This lawsuit is a civil action for which this Court has original jurisdiction (Federal question) under 28 USC § 1331 and is one that may be removed to this Court by defendants, pursuant to the provisions of 28 USC § 1446(a). This case arises under 42 USC § 1983 and plaintiff has alleged a violation of 4th Amendment rights.

4. The undersigned counsel will be representing all defendants in this matter.

5. Written notice of the filing of this Notice of Removal will be given to the plaintiff, as provided by law.

///

///

///

///

///

6. A true copy of this Notice of Removal will be filed with the Court Clerk of the Circuit Court of the State of Oregon for the County of Marion, as provided by law.

DATED this 27th day of November 2006.

/s/ Gerald L. Warren
GERALD L. WARREN
OSB #81414
(503) 480-7252
Attorney for Defendants

TRUE COPY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

DAWN WARDLE TAMBURRI,

Plaintiff,

v.

CITY OF STAYTON, an Oregon municipal corporation; DAVID BALL, individually and in his official capacity as a Stayton City Police Officer; BOB THOMAS, individually and in his official capacity as a Stayton City Police Detective; and MICHAEL MEEKS, individually and in his official capacity as a Stayton City Police Sergeant,

Defendants.

Case No. 06C20824

**COMPLAINT**

(Unreasonable Search and Seizure; Conspiracy to Violate Civil Rights; False Arrest; Malicious Prosecution; Invasion of Privacy; Assault; Battery; Fraud; Defamation; Defamation *Per Se*; Intentional Infliction of Emotional Distress; Negligence; Municipal Liability)

NOT SUBJECT TO MANDATORY ARBITRATION

JURY TRIAL DEMANDED

1.

INTRODUCTION

Pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, plaintiff alleges the violation, under color of state law, of the right to be free from unreasonable searches and seizures protected by the Fourth Amendment to the United States Constitution. Plaintiff also alleges state law claims. Plaintiff seeks compensatory damages, attorneys' fees and costs against all defendants.

2.

PARTIES

Plaintiff Dawn Wardle Tamburri ("plaintiff") is a resident of the State of Oregon. Defendant David Ball ("Ball") is a Stayton Police Officer, Defendant Bob Thomas ("Thomas") is a Stayton Police Detective, and Defendant Michael Meeks ("Meeks") is a Stayton Police Sergeant. Ball, Thomas and Meeks carried out the actions complained of in



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssatty@qwest.net

their individual capacities, under color of state law, and in the course and scope of their employment and duties as employees of the City of Stayton Police Department. They are named in their individual and official capacities. City of Stayton ("Stayton") is an Oregon municipality responsible under state law for the acts and omissions of its police officers.

3.

TORT CLAIM NOTICE

All parties required to be served with a tort claim notice under ORS 30.275 were in receipt of actual or formal notice, submitted September 22, 2006, within the time limitations prescribed by the statute.

FACTS

4.

Plaintiff Ms. Tamburri is 49 years old and disabled, as she suffers from two crushed lumbar discs, and a herniated bladder. She also suffers from Fibromyalgia for which she is prescribed Oxycodone, as well as from a bi-polar disorder, for which she is prescribed Topamax and Clonazepam. Plaintiff's conditions, as well as the medications she must take for them, render her forgetful and easily confused. Plaintiff is 5' 4" and weighs 125 pounds.

5.

On or about April 19, 2006, plaintiff misplaced her prescribed medication, Oxycodone. Plaintiff called 911 to report her prescribed medication, Oxycodone, missing or stolen. Plaintiff made this report because Oxycodone is a controlled substance. She explained to the 911 operator that she had a reasonable basis for suspecting the medication may have been stolen from her car, which had been left unattended for at least 30 minutes in downtown Stayton with both right side passenger car doors fully open.

6.

On or about April 19, 2006, plaintiff was referred to defendant Ball. Defendant Ball came to plaintiff's home and took a full report of plaintiff's description of her unsuccessful



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssutty@qwest.net

efforts to locate the missing medication in her car and property. Defendant Ball then explained to plaintiff the legal consequences of filing a false report. Plaintiff denied her report was false. Defendant Ball accused plaintiff of filing a false report to get a prescription for more Oxycodone, either for herself or to sell. Plaintiff denied defendant Ball's accusations, and denied that defendant Ball could prove the accusations.

7.

On or about April 20, 2006, defendant Ball called plaintiff and said he would return to her home because he needed to talk to her. Plaintiff consented to defendant Ball's visit but expressed confusion about the need for a second interview. Upon arrival, defendant Ball told plaintiff that his superior officer had instructed defendant Ball to launch a "major investigation" of plaintiff as a drug dealer because someone she mentioned to defendant Ball on April 19, 2006, was a "known drug dealer." When plaintiff expressed shock at this accusation, defendant Ball laughed at her. Plaintiff later learned that the superior officer was defendant Meeks. Defendant Ball falsely told plaintiff he had spoken to her pharmacist and to the office of Dr. Kip Kemple, the physician who prescribed her Oxycodone. Defendant Ball falsely stated to plaintiff that both her pharmacist and physician had said that plaintiff is a drug abuser.

8.

On or about April 24, 2006, defendant Ball called plaintiff and said he was coming to her home a third time. Plaintiff was confused about the reason for a third interview and uncomfortable with defendant Ball because of his repeated false accusations and hostile attitude. After speaking with defendant Ball, plaintiff learned from her neighbor that he had found the missing Oxycodone under her mailbox on the roadway near her house on April 23, 2006. When defendants Ball and Thomas arrived at her home, plaintiff told them that the missing Oxycodone had been located, and therefore the investigation could be closed. Instead of closing the investigation, defendants Ball and defendant Thomas insisted that plaintiff



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssutty@qwest.net

again describe the circumstances surrounding the loss of the Oxycodone. Plaintiff informed defendants Ball and Thomas that she was disabled, lived with constant pain, and had a fear of police officers due to a bad prior experience with police in New Orleans. Nevertheless, plaintiff repeated her description of events surrounding the loss of the Oxycodone.

9.

On or about April 24, 2006, after listening to plaintiff again describe the events of April 19, defendants Ball and Thomas told plaintiff she was admitting to contact with a "known drug dealer," and that they believed she was lying based on her body language. Plaintiff became upset and vigorously denied being a drug dealer. Officer Ball then told plaintiff she was under arrest for making a false police report, cuffed her hands behind her back, read plaintiff's *Miranda* rights, and asked plaintiff if she understood her rights. Plaintiff did not answer. Defendants Ball and Thomas stated they would take plaintiff to the county jail where she would probably spend about five days, but that they needed to stop at the Stayton police station first. Plaintiff stated she would need her prescription medication, and defendants accompanied her into her home to gather the medication, which was in her bedroom. Defendant Thomas went into plaintiff's bedroom to get her medication. Plaintiff told defendant Thomas the names of the specific medication she required, but instead defendant Thomas searched all of plaintiff's medication bottles without a warrant and without consent. Plaintiff told defendant Thomas that he did not have her permission to search or seize all of the medication bottles. Ignoring plaintiff, defendant Thomas seized two of plaintiff's medication bottles without a warrant and without consent.

10.

On or about April 24, 2006, defendant Ball held plaintiff by the handcuffs behind her back inside of her bedroom while defendant Thomas searched and seized her possessions. Defendant Ball, who is approximately 5' 9" tall and weighs about 220 pounds, held plaintiff so she was hovering over her drum set, which has many sharp and hard surfaces. Defendant



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssarty@qwest.net

Ball suspended plaintiff by her handcuffs a few inches off the ground on the tips of her toes, so she did not have a stable footing, and was in danger of falling and injuring herself on the drum set. Plaintiff pulled back in an attempt to stabilize herself so that her feet were both planted firmly on the ground. Defendant Ball then told plaintiff that he would Tazer her to gain compliance and showed her his Tazer device.

11.

On or about April 24, 2006, defendants Ball and Thomas used actual physical force to intentionally and unlawfully confine plaintiff at the Stayton Police Department. Defendant Ball did not permit plaintiff to make any phone calls during this time. Defendant Ball repeatedly told plaintiff she would be released when she divulged "the name of the person she was selling drugs to." Plaintiff repeatedly responded that she could not divulge such a name because she was not selling drugs to anyone. After intentionally and unlawfully confining plaintiff for about five hours, defendant Ball released plaintiff with her seized medicine bottles.

12.

On or about April 24, 2006, defendant Ball called Dr. Kemple's office and falsely stated that there were "several inconsistencies" in plaintiff's story regarding the loss of the medications.

13.

On or about May 2, 2006, defendant Ball filed a Crime/Incident Report that contained the following false statements:

a. "Dawn stated that the Oxycodone was in her purse on the floor board."

b. "I asked Dawn if she might have misplaced her Oxycodone. Dawn got even more upset and stated, 'I know where all of my medication is and I never would lose it, I never lose anything.'"

c. "Dawn stated that . . . she knew all about drug theft."



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssatty@qwest.net

d. "Dawn agreed to come to the Police Department at 1100 hours on 4/22/04 [sic]."

e. "Dawn stated that the purse and its contents were in the back seat since they fell off the console."

f. "Based on the numerous changes and inconsistencies in Dawn's story and the calls trying to convince me to drop the case, I believe that this was a false report[.]"

g. "I asked Dawn if she understood her Miranda rights. Dawn stated yes, she understood her rights."

h. "I contacted Ron Lewis at the Bi-mart Pharmacy and asked him questions about the amount and times of Dawn's Oxycodone prescriptions. Ron referred me to Vesna Giurgiev, one of the Physician Assistance [sic] that prescribed the Oxycodone."

i. "Lester stated that Dawn called him 04/24/06 to tell him about her Oxycodone theft."

j. "Lester stated 'I don't know how they could have missed it'."

14.

In the 5/2/06 Crime/Incident report, defendant Ball recommended a continuing investigation into prescription fraud. Based on the false statements in defendant Ball's 5/2/06 report, the Marion County District Attorney instituted a criminal proceeding against plaintiff, charging plaintiff with one misdemeanor count of filing a false police report in violation of ORS 162.375, East Marion County Justice Court Case Number 06M037958.

15.

On or about May 22, 2006, plaintiff was arraigned for the criminal proceeding described in Paragraph 14, above, and pled not guilty.

16.

On or about August 21, 2006, Marion County Deputy District Attorney Tiffany Underwood filed a Motion for Dismissal of the criminal proceeding described in Paragraph



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: sstty@qwest.net

14, above, upon the grounds that "further investigation reveals that it would be in the interest of justice that said action be dismissed."

17.

On or about August 21, 2006, defendants produced a document entitled "STAYTON POLICE DEPARTMENT: Person Information," which purported to list plaintiff's "involvements in Incident Reports" in defendants' current database. The document listed 13 incident numbers supposedly involving plaintiff. Of these, the following six did not involve plaintiff at all, to the best of her knowledge:

a. SYP04005339: "OTHER" "DRIVING UNDER INFLUN" 11/28/04
b. SYP05002199: "INVOLVED" "ROBBERY" 7/1/05
c. SYP05003071: "COMPLAINANT" "ORDINANCE VIOLATION" 7/29/05
d. SYP06000290: "COMPLAINANT" "CHECK WELFARE" 1/23/06
e. SYP06001473: "VICTIM" "HARASSMENT" 4/17/06
f. SYP06003177: "INVOLVED" "ASSIST OTHER AGENCY" 7/27/06

18.

On or about August 29, 2006, the East Marion County Justice Court Justice of the Peace signed the Order allowing dismissal of the misdemeanor charge against plaintiff.

19.

The actions of defendants Ball, Thomas and Meeks, as described herein, are the official policies of defendant City of Stayton.

20.

The actions taken toward plaintiff, or not take in response to defendants Ball, Thomas and Meeks's conduct toward plaintiff, constitute adoption of such practices, customs, or policies of defendants Ball, Thomas and Meeks's conduct.

21.

Defendant City of Stayton knew or should have known about the practices described



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssatty@qwest.net

in this complaint as such are so well settled as to constitute a custom or usage. Defendant City of Stayton failed to take affirmative actions to prevent the conduct alleged in this complaint.

22.

Under Oregon law, defendant City of Stayton is liable in respondeat superior for the actions of defendants Ball, Thomas and Meeks in the course and scope of their employment.

23.

Regarding all actions and causes of action herein alleged and stated, defendants Ball, Thomas and Meeks violated rights held by plaintiff which were clearly established, and no reasonable officer similarly situated to any of the defendants could have believed that his conduct was lawful or within the bounds of reasonable discretion. Defendants Ball, Thomas and Meeks thus lack qualified or statutory immunity from suit or liability.

24.

As a direct and proximate result of the actions described herein, plaintiff sustained actual damage, including loss of her liberty; physical pain and discomfort; inability to sleep; severe mental and emotional suffering and distress; worry; fear; anguish; shock; nervousness; anxiety; inconvenience; humiliation; injury to her reputation; medical expenses; and legal expenses, all to her damage in an amount determined to be fair and reasonable by a jury, but not to exceed $1.5 million.

25.

Plaintiff was forced to hire an attorney to represent her in this matter and she is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

COUNT ONE: UNREASONABLE SEARCH AND SEIZURE
(all defendants)

26.

Plaintiff realleges paragraphs 1-25 as though fully set forth herein.

27.



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssany@qwest.net

Defendants, while acting within the course and scope of their employment, violated plaintiff's right to be free of unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution and Section 9, Article I of the Oregon Constitution, by conducting an unreasonable search of plaintiff's home and unreasonable seizure of plaintiff's person without a warrant, without consent, and without probable cause accompanied by exigent circumstances, which caused plaintiff damages as described in Paragraph 24, above.

COUNT TWO: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(all defendants)

28.

Plaintiff realleges paragraphs 1-25 as though fully set forth herein.

29.

Defendants, while acting within the course and scope of their employment, conspired to deprive plaintiff of her right to be free of unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution and Section 9, Article I of the Oregon Constitution, and, on information and belief, conspired to interfere with plaintiff's assertion of her constitutional rights by having a third party in June 2006 convey to plaintiff the message that the criminal proceeding described in Paragraph 14, above, would be dismissed if plaintiff agreed not to assert her rights in a civil suit against defendants. Said conspiracies caused plaintiff damages as described in Paragraph 24, above.

COUNT THREE: FALSE ARREST
(all defendants)

30.

Plaintiff realleges paragraphs 1-25 as though fully set forth herein.

31.

Defendants, while acting within the course and scope of their employment, voluntarily and intentionally acted to unlawfully confine plaintiff at the Stayton police station for five



SAMUEL T. STANKE
Attorney At Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssarry@qwest.net

hours without justification, privilege, or probable cause. Plaintiff was aware of said confinement. Said confinement caused plaintiff damages as described in Paragraph 24, above.

COUNT FOUR: MALICIOUS PROSECUTION
(all defendants)

32.

Plaintiff realleges paragraphs 1-25 as though fully set forth herein.

33.

Defendants, while acting within the course and scope of their employment, actively participated in instituting and continuing the unfounded criminal proceeding, described in Paragraph 14, above, against plaintiff. The criminal proceeding described in Paragraph 14, above, terminated in plaintiff's favor on August 29, 2006. At all times relevant herein, defendants lacked a reasonable and subjective belief that plaintiff was guilty of initiating a false police report, and thus lacked probable cause to pursue the criminal proceeding described in Paragraph 14, above, against plaintiff. Defendants acted maliciously and with an improper purpose in instituting and continuing the criminal proceeding, described in Paragraph 14, above, against Plaintiff.

34.

As a direct and proximate result of Defendant's actions described in Paragraph 33, above, plaintiff suffered special injury as described in Paragraph 24, above.

COUNT FIVE: INVASION OF PRIVACY
(defendants City of Stayton, Ball, and Thomas)

35.

Plaintiff realleges paragraphs 1-25 as though fully set forth herein.

36.

Defendants violated plaintiff's right to seclusion when defendants, while acting within the course and scope of their employment, entered plaintiff's property without a warrant,



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssatty@qwest.net

without consent, and without probable cause accompanied by exigent circumstances, and searched her belongings without justification. Furthermore, on information and belief, defendants publicly disclosed private facts about plaintiff's medical conditions and prescribed medications to a large number of plaintiff's neighbors and members of her community. Said disclosure is publicity of a highly objectionable kind that would be highly offensive to a reasonable person and is not of legitimate concern to the public. As a direct and proximate result of these acts, plaintiff suffered special injury as described in Paragraph 24, above.

COUNT SIX: ASSAULT
(defendants City of Stayton and Ball)

37.

Plaintiff realleges paragraphs 1-25 as though fully set forth herein.

38.

Defendant Ball, while acting within the course and scope of his employment, intended to cause hostile contact and physical harm to plaintiff's person with both handcuffs and a Tazer, and made plaintiff aware of his ability to carry out that intent by showing plaintiff the Tazer and threatening to use it on her.

39.

Defendant Ball, while acting within the course and scope of his employment, had no privilege to threaten to cause this hostile contact and physical harm to plaintiff because, at all relevant times, he lacked probable cause to arrest plaintiff, plaintiff did not in any way resist defendant Ball's illegal arrest of her, and plaintiff did not physically threaten, swing at, or show any physical intent to assault defendant Ball.

40.

As a result of these acts, plaintiff suffered the apprehension of imminent offensive hostile physical contact and damages as described in Paragraph 24, above.

COUNT SEVEN: BATTERY
(defendants City of Stayton and Ball)



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssarty@qwest.net

41.

Plaintiff realleges paragraphs 1-25 as though fully set forth herein.

42.

Defendant Ball, while acting within the course and scope of his employment, voluntarily acted to cause intentionally harmful and offensive physical contact with plaintiff while on her property without a warrant, without consent, and without probable cause accompanied by exigent circumstances.

43.

Defendant Ball, while acting within the course and scope of his employment, had no privilege to cause this intentionally harmful and offensive physical contact to plaintiff because, at all relevant times, he lacked probable cause to arrest plaintiff, and plaintiff did not physically threaten, swing at, or show any physical intent to assault defendant Ball.

44.

As a direct and foreseeable result of defendants' hostile contact, plaintiff suffered damages as described in Paragraph 24, above.

COUNT EIGHT: FRAUD
(defendants City of Stayton and Ball)

45.

Plaintiff realleges paragraphs 1-25 as though fully set forth herein.

46.

Defendant Ball, while acting within the course and scope of his employment, made several material and false statements in his Crime/Incident report, described in Paragraph 13. Defendant Ball knew these representations were false and intended the District Attorney to act upon the statements by initiating a criminal proceeding against plaintiff. The District Attorney was ignorant of the falsity of these representations, had the right to rely on their truth, and did rely on their truth in initiating the criminal proceeding against plaintiff described in Paragraph 14.



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssatty@qwest.net

47.

As a direct and proximate result of Defendant Ball's materially false statements, plaintiff suffered damages as described in Paragraph 24, above.

COUNT NINE: DEFAMATION AND DEFAMATION *PER SE*
(all defendants)

48.

Plaintiff realleges paragraphs 1-25 as though fully set forth herein.

49.

Defendant Ball, while acting within the course and scope of his employment, made many factual assertions, described above, regarding plaintiff that subjected her to hatred, contempt or ridicule and diminished the esteem, respect, goodwill, and confidence in which plaintiff is held by a substantial and respectable majority of the community. In addition, defendants have falsely imputed to the Marion County Justice Court in Stayton that plaintiff was charged with drunk driving, involved in robbery, and has contacted the police on multiple occasions when she has not. Defendants accomplished this by submitting the "Person Information" sheet described in Paragraph 17, above, to the Justice Court on September 18, 2006, at plaintiff's husband's arraignment, in an apparent attempt to falsely depict plaintiff as someone with a long history of frequent contact with the police.

50.

As a direct and proximate result of the false factual assertions described in Paragraph 49, above, plaintiff suffered special damages as described in Paragraph 24, above.

51.

In addition, upon information and belief, defendants have falsely imputed to plaintiff's husband, doctors, pharmacist, neighbors, and others in the community that plaintiff has committed crimes of moral turpitude, i.e. theft of Oxycodone and filing a false police report, that plaintiff associated with a "known drug dealer," and that plaintiff is a drug dealer, drug abuser, drug seeker, thief, and/or liar.



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: sstatty@qwest.net

COUNT TEN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(all defendants)

52.

Plaintiff realleges paragraphs 1-25 as though fully set forth herein.

53.

Defendants, while acting within the course and scope of their employment, have engaged in a pattern of conduct with respect to plaintiff that is intended to inflict severe emotional and mental distress on plaintiff, and is substantially certain to result in severe mental and emotional distress. Said conduct includes, but is not limited to:

a. Repeated harassing phone calls to plaintiff and her husband.

b. Repeated unannounced visits to and warrantless invasions of plaintiff's home.

c. Repeated false accusations, conveyed to plaintiff and a large number of people in her community, that plaintiff is a drug addict, a drug dealer, a thief and/or a liar.

d. Falsely accusing plaintiff of associating with a "known drug dealer," while refusing to tell plaintiff the identity of the "known drug dealer."

e. Calling plaintiff late at night, accusing her of being "under the influence," and hanging up on her.

f. Conveying plaintiff's private medical information to a large number of people in the community.

g. Instituting a meritless criminal proceeding against plaintiff, described in Paragraph 14, above.

h. Arresting plaintiff without probable cause.

i. Handcuffing and threatening to Tazer plaintiff without probable cause or justification.

j. Searching plaintiff's personal belongings without a warrant and without probable cause or exigent circumstances.



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: sstty@qwest.net

k. Falsely informing plaintiff that defendants would take her to county jail, where she would spend about five days, in an effort to scare and intimidate plaintiff.

l. Physically confining plaintiff at the Stayton police station for five hours without justification or probable cause.

m. Repeatedly demanding that plaintiff falsely admit to being a drug dealer as a condition of releasing her from confinement.

54.

The acts of defendants, described in Paragraph 53, above, in fact caused plaintiff severe mental and emotional distress requiring mental health therapy, as described in Paragraph 24, above.

55.

The acts of defendants, described in Paragraph 53, above, constitute extraordinary transgressions of the bounds of socially tolerable conduct and exceed any reasonable limit of social toleration.

## COUNT ELEVEN: NEGLIGENCE
(all defendants)

56.

Plaintiff realleges paragraphs 1-25 as though fully set forth herein.

57.

Defendants, while acting within the course and scope of their employment, were negligent in the following particulars:

a. In arresting and imprisoning plaintiff without a warrant and without probable cause accompanied by exigent circumstances.

b. In failing to have proper training and expertise to properly contact a person without mistaking her nervous demeanor for guilt.

c. In repeatedly falsely accusing plaintiff of being a liar, thief, drug addict and/or drug dealer.



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssatty@qwest.net

d. In failing to use proper techniques that would avoid physical pain and severe mental and emotional distress.

e. In failing to close the investigation of plaintiff's missing Oxycodone upon her reporting the missing Oxycodone located on April 24, 2006.

f. In recommending further investigation of plaintiff for "prescription fraud" without probable cause.

g. In instituting meritless criminal proceedings against plaintiff, described in Paragraph 14, above.

h. In maintaining a database that incorrectly links plaintiff to six Incident Reports with which she was not involved, as described in Paragraph 17, above.

58.

Plaintiff suffered pain and severe mental and emotional distress as a direct and foreseeable result of defendants' negligence, described in Paragraph 55, above.

59.

Defendant City of Stayton is directly liable to plaintiff for negligently hiring, training, supervising and/or disciplining defendants Ball, Thomas and Meeks.

60.

As a further foreseeable result of this contact, plaintiff suffered damages as alleged in Paragraph 24, above, and should be awarded economic and non-economic damages against all defendants in an amount not to exceed $1.5 million.

COUNT TWELVE: MUNICIPAL LIABILITY CLAIM
(City of Stayton)

61.

Plaintiff realleges paragraphs 1-25 as though fully set forth herein.

62.

Upon information and belief, defendant City of Stayton has made or allowed numerous other similar incidents of unreasonable search and seizure, and that this



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: sstaty@qwest.net

municipality has expressly encouraged or acquiesced in it by failing to train, supervise, or discipline its officers, thus demonstrating deliberate indifference to plaintiff's constitutional rights, sufficient to support a verdict that this defendant's policies, customs, or practices caused the false arrest and malicious prosecution of plaintiff, and her resulting damages.

63.

Defendant City of Stayton is directly liable to plaintiff for its unconstitutional policies, customs, or practices.

WHEREFORE, plaintiff prays for relief as follows:

1. An award of economic and non-economic damages against defendants in fair and reasonable amounts to be determined at trial by a jury and in accordance with the allegations set forth above, said amounts not to exceed $1.5 million.
2. An award of plaintiff's attorney fees, litigation costs and disbursements, against defendants in accordance with the allegations set forth above.
3. Such other relief as the Court deems just and proper.

DATED this 1st day of November, 2006.

Samuel T. Stanke, OSB # 03463
Attorney for Plaintiff

Plaintiff hereby gives notice of intent to amend this Complaint to add a claim for punitive damages.



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: sstty@qwest.net

TRUE COPY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| DAWN WARDLE TAMBURRI,<br>Plaintiff,<br>v.<br>CITY OF STAYTON, an Oregon municipal corporation; DAVID BALL, individually and in his official capacity as a Stayton City Police Officer; BOB THOMAS, individually and in his official capacity as a Stayton City Police Detective; and MICHAEL MEEKS, individually and in his official capacity as a Stayton City Police Sergeant,<br>Defendants. | Case No. 06C20824<br>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |

To: Defendants City of Stayton, Officer David Ball, Detective Bob Thomas, and Sergeant Michael Meeks and their attorney, David Rhoten.

Pursuant to ORCP 36 and 43, plaintiff requests that defendants produce for inspection and copying at the office of Samuel T. Stanke, Attorney at Law, LLC, 1400 SW Montgomery Street, Portland, OR 97201, within forty-five (45) days of the date of service of this request, the documents described below.

**Definitions**

"Document" or "documents" includes, but is not limited to, any material or information which is contained in any information storage/retrieval system, whether considered to be a computer or otherwise (and whether utilizing magnetic, optical, laser or other technology). If any of the information contained in these requests includes any such material or information, this request calls for the complete production of such material or information in a printed format in the English language. Further, as used in this request, the



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: sstnty@qwest.net

word "document" shall be given its broadest possible meaning and shall include but not be limited to all forms of documents set forth in ORCP 43A(1).

"Document" or "documents" is meant to include without limiting its generality, contracts, agreements, correspondence, letters, telegrams, reports, records, schedules, diaries, calendars, appointment books, invoices, purchase orders, books, pamphlets, accounting records and worksheets, time slips, computer inputs or outputs, charts, diagrams, notes, estimates, summaries, appraisals, inventories, minutes of meetings and memoranda, including intercorporate, intracorporate, interoffice and intraoffice memoranda, and memoranda regarding conference conversations or telephone conversations, any and all taped, recorded, written, printed or typed matter of any kind or description, unless otherwise specified herein, and plans, blueprints, plot maps, and other engineering data.

When correspondence between one or more persons is requested, the request is meant to include, without limiting its generality, any document or documents given, sent, or shown by one such person to another or more such persons, however transmitted or delivered, and whether or not retained by the recipient or recipients at the time of transmittal or delivery. Each draft or version of each document is included within the definition as are all attachments, exhibits and enclosures included within all such drafts or versions.

"Copy" or "copies" means a true, accurate, and complete copy of any and all of the document(s) or material(s) requested, in the original format size and style, and in the original color (which original documents if not in black and white will require the production of documents in as close to the original color as is reasonably practicable, such as color reproduction/photocopying).

"Defendant" or "defendants" means the defendant or defendants named herein.

"Person" means, inclusively, an individual, partnership, corporation, or other entity or organization.

"You" or "yours" means the person(s) and/or entities to whom this Request for



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssatty@qwest.net

Production is addressed.

"FTEP" means Field Training Evaluation Program.

**Instructions for Use**

A. Produce all documents and/or any parts or segments thereof which are in your possession or subject to your possession, custody, control or access. As to any document that you fail to produce, state the location and address where such document can be found, the name of the person who possesses such document, when such document left your possession, and the reasons why you cannot produce such document.

B. If any document is withheld under claim of privilege, please acknowledge the existence of the documents and state that you claim a privilege that excuses the refusal to produce the document. It would be helpful to: Identify each document with sufficient particularity as to author(s), addressee(s), recipient(s), and content to allow plaintiffs to bring the matter before the court; the nature of the privilege(s) asserted; and the factual basis for the claim of privilege.

C. These requests are continuing in nature and defendant is requested to promptly provide any additional documents of the indicated descriptions which may be discovered at any time after the initial production of documents or things.

**REQUESTS FOR PRODUCTION**

Request No. 1: All insurance policies, including declarations pages, which might provide coverage for the incident that is the subject of this complaint which occurred on April 24, 2006 ("the Incident").

Request No. 2: Defendant David Ball's complete employee file from the City of Stayton, including but not limited to: his application for employment, resume, copies of any citizen complaints, disciplinary actions, employee evaluations, police academy certifications, basic training certifications, and all FTEP documentation, including but not limited to daily observation reports, task check sheets, and final recommendations.



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1137 / Fax: 503-228-4454
Email: sstany@qwest.net

Request No. 3: Defendant Bob Thomas' complete employee file from the City of Stayton, including but not limited to: his application for employment, resume, copies of any citizen complaints, disciplinary actions, employee evaluations, police academy certifications, basic training certifications, and all FTEP documentation, including but not limited to daily observation reports, task check sheets, and final recommendations.

Request No. 4: Defendant Michael Meeks' complete employee file from the City of Stayton, including but not limited to: his application for employment, resume, copies of any citizen complaints, disciplinary actions, employee evaluations, police academy certifications, basic training certifications, and all FTEP documentation, including but not limited to daily observation reports, task check sheets, and final recommendations.

Request No. 5: A copy of the entire police investigation conducted in this matter which led to the arrest and prosecution of plaintiff. This request includes, but is not limited to, notes, memoranda, reports, witness statements, police interviews, photographs (including plaintiff's mug shot), audio recordings and video recordings.

Request No. 6: Any and all documents containing the names, addresses and telephone numbers of persons who are claimed to have witnessed the arrest of plaintiff on April 24, 2006.

Request No. 7: Any and all documents contained in any internal police investigation conducted by the City of Stayton regarding this incident.

Request No. 8: Minutes from any city council meetings in which any aspect of plaintiff's arrest and/or criminal prosecution was discussed.

Request No. 9: All correspondence between the City of Stayton, its agents or employees, and plaintiff.

Request No. 10: All inter-office correspondence between the agents and/or employees of the City of Stayton, including e-mails, in which any aspect of plaintiff's arrest and/or criminal prosecution was discussed.



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssatty@qwest.net

Request No. 11: Any and all statements, written, recorded or transcribed, taken from the plaintiff by defendant or any agent of the defendant.

Request No. 12: Any and all documents relating to responses by the police department to plaintiff's residence for any reason prior to plaintiff's arrest on April 24, 2006.

DATED: This 1st day of November, 2006.

Samuel T. Stanke, OSB No. 03463
Attorney for Plaintiff



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: sstanke@qwest.net

THIRD JUDICIAL DISTRICT
MARION COUNTY CIRCUIT COURT

****Important Notice****

**Read carefully. If you do not comply with the following, your case will be dismissed.**

Tamburri v. City of Stayton

**Case Number:** 06C20824 **This case has been assigned to:**

- ☐ Judge Pamela L. Abernethy (503) 566-2974
- ☐ Judge Claudia M. Burton (503) 584-7713
- ☐ Judge Don A. Dickey (503) 373-4445
- ☐ Judge Dennis J. Graves (503 ) 585-4939
- ☐ Judge Joseph C. Guimond (503) 588-5160
- ☐ Judge Thomas M. Hart (503) 584-7749
- ☐ Judge Mary M. James (503) 373-4303
- ☐ Judge Terry A. Leggert (503) 588-8485
- ☐ Judge Paul J. Lipscomb (503) 588-5026
- ☐ Judge Albin W. Norblad (503) 588-5028
- ☒ Judge Joseph V. Ochoa (503) 373-4361
- ☐ Judge Jamese L. Rhoades (503) 588-7950
- ☐ Judge Susan M. Tripp (503) 588-5492
- ☐ Judge John B. Wilson (503) 588-5030

**If a party served with a summons intends to contest this matter, that party must file a response, or other appearance, as instructed in the summons.**

A status conference will be set after the party served has filed an appearance. All attorneys must appear at the status conference with their calendars. If parties do not have legal representation, they are to appear at the status conference.

If the Plaintiff has not filed a Return or Acceptance of Service by the 63rd day after the filing of the complaint, the case may be dismissed for want of prosecution 28 days later. If proof of service is filed by the 91st day from the filing of the complaint, and no default is later filed, the case will be dismissed 119 days from the date of the filing of the complaint.

Follow these instructions carefully and refer to the Uniform Trial Court Rules for further information or clarification.

All correspondence or other communication shall be directed to the assigned Judge at the following address:

Third Judicial District, PO Box 12869, Salem, Oregon 97309-0869.

 3:43 pm

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

DAWN WARDLE TAMBURRI,

Plaintiff,

v.

CITY OF STAYTON, an Oregon municipal corporation; DAVID BALL, individually and in his official capacity as a Stayton City Police Officer; BOB THOMAS, individually and in his official capacity as a Stayton City Police Detective; and MICHAEL MEEKS, individually and in his official capacity as a Stayton City Police Sergeant,

Defendants.

Case No. 06C20824

SUMMONS

TO: City of Stayton, c/o David Rhoten, 494 State St., Ste. 230, Salem, OR 97301.

You are hereby required to appear and defend the Complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the Complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Samuel T. Stanke, OSB# 03463

ATTORNEY'S NAME / BAR NO. (IF ANY)

1400 SW Montgomery St.

ADDRESS

Portland, OR 97201 (503) 224-1127

CITY STATE ZIP PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE BAR NO. (IF ANY)

STATE OF OREGON, County of Multnomah ) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

ATTORNEY(S) FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY(S) FOR PLAINTIFF(S)

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

DAWN WARDLE TAMBURRI,

Plaintiff,

v.

CITY OF STAYTON, an Oregon municipal corporation; DAVID BALL, individually and in his official capacity as a Stayton City Police Officer; BOB THOMAS, individually and in his official capacity as a Stayton City Police Detective; and MICHAEL MEEKS, individually and in his official capacity as a Stayton City Police Sergeant,

Defendants.

Case No. 06C20824

SUMMONS

TO: Michael Meeks, 386 North Third Avenue, Stayton, OR 97383.

You are hereby required to appear and defend the Complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the Complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Samuel T. Stanke, OSB# 03463

ATTORNEY'S NAME / BAR NO. (IF ANY)

1400 SW Montgomery St.

ADDRESS

Portland, OR 97201 (503) 224-1127

CITY STATE ZIP PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE BAR NO. (IF ANY)

STATE OF OREGON, County of Multnomah ) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

ATTORNEY(S) FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY(S) FOR PLAINTIFF(S)

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

DAWN WARDLE TAMBURRI,

Plaintiff,

v.

CITY OF STAYTON, an Oregon municipal corporation; DAVID BALL, individually and in his official capacity as a Stayton City Police Officer; BOB THOMAS, individually and in his official capacity as a Stayton City Police Detective; and MICHAEL MEEKS, individually and in his official capacity as a Stayton City Police Sergeant,

Defendants.

Case No. 06C20824

SUMMONS

TO: Bob Thomas, 386 North Third Avenue, Stayton, OR 97383.

You are hereby required to appear and defend the Complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the Complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Samuel T. Stanke, OSB# 03463

ATTORNEY'S NAME / BAR NO. (IF ANY)

1400 SW Montgomery St.

ADDRESS

Portland, OR 97201 (503) 224-1127

CITY STATE ZIP PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE BAR NO. (IF ANY)

STATE OF OREGON, County of Multnomah ) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

ATTORNEY(S) FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY(S) FOR PLAINTIFF(S)

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

DAWN WARDLE TAMBURRI,

Plaintiff,

v.

CITY OF STAYTON, an Oregon municipal corporation; DAVID BALL, individually and in his official capacity as a Stayton City Police Officer; BOB THOMAS, individually and in his official capacity as a Stayton City Police Detective; and MICHAEL MEEKS, individually and in his official capacity as a Stayton City Police Sergeant,

Defendants.

Case No. 06C20824

SUMMONS

TO: David Ball, 386 North Third Avenue, Stayton, OR 97383.

You are hereby required to appear and defend the Complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the Complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF
Samuel T. Stanke, OSB# 03463
ATTORNEY'S NAME / BAR NO. (IF ANY)
1400 SW Montgomery St.
ADDRESS
Portland, OR 97201 (503) 224-1127
CITY STATE ZIP PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE BAR NO. (IF ANY)

STATE OF OREGON, County of Multnomah ) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

ATTORNEY(S) FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY(S) FOR PLAINTIFF(S)

# RETURN OF SERVICE

**State of Oregon** **County of Marion** **Circuit Court**

Case Number: 06C-20824

PLAINTIFF:
**DAWN WARDLE TAMBURRI**

vs.

DEFENDANT:
**CITY OF STAYTON, et al**

Received by MALSTROM'S PROCESS SERVING CO. to be served on **David Ball, 386 N. 3rd Avenue, Stayton, OR 97383**.

I, Debra Stone, do hereby affirm that on the **4th day of November, 2006** at **11:40 am, I:**

PERSONALLY SERVED the within named person(s) with a true copy of the **Summons; Complaint; First Request for Production; Case Assignment** at the address stated above.

I am a competent person over 18 years of age and a resident of the State of Oregon; I am not a party to nor an officer, director or employee of, nor attorney for any party. The entity served by me is the same entity named in the action.

THIS IS YOUR COPY.
ORIGINAL FILED WITH COURT.

______________________________

**Debra Stone**
Process Server

**MALSTROM'S PROCESS SERVING CO.**
**167 High Street S.E.**
**P.O. Box 2031**
**Salem, OR 97308-2031**
**(503) 585-0234**
Our Job Serial Number: 2006009482

Service Fee: $40.00

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V5.9s

# AMENDED RETURN OF SERVICE

**State of Oregon** **County of Marion** **Circuit Court**

Case Number: 06C-20824

PLAINTIFF:
**DAWN WARDLE TAMBURRI**

vs.

DEFENDANT:
**CITY OF STAYTON, et al**

Received by MALSTROM'S PROCESS SERVING CO. to be served on **City Of Stayton c/o David Rhoten, 494 State Street, Suite 230, Salem, OR 97301**.

I, Patti Bustamante, do hereby affirm that on the **3rd day of November, 2006** at **3:40 pm, I:**

**OFFICE SERVED BY SUBSTITUTION** the **Summons; Complaint; First Request for Production; Case Assignment** by leaving a true copy during normal working hours at the office the defendant maintains for the conduct of business with **Laura Evenrud** who was the person apparently in charge of the office at that time.

**CERTIFICATION OF MAILING:** I certify that on **November 7, 2006** a true copy of the above document and this Return of Service was mailed to the above named defendant at the above address.

I am a competent person over 18 years of age and a resident of the State of Oregon; I am not a party to nor an officer, director or employee of, nor attorney for any party. The entity served by me is the same entity named in the action.

THIS IS YOUR COPY.
ORIGINAL FILED WITH COURT.

**Patti Bustamante**
Process Server

**MALSTROM'S PROCESS SERVING CO.**
**167 High Street S.E.**
**P.O. Box 2031**
**Salem, OR 97308-2031**
**(503) 585-0234**
Our Job Serial Number: 2006009479

Service Fee: $35.00

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V5.9s

# RETURN OF SERVICE

**State of Oregon** **County of Marion** **Circuit Court**

Case Number: 06C-20824

PLAINTIFF:
**DAWN WARDLE TAMBURRI**

vs.

DEFENDANT:
**CITY OF STAYTON, et al**

Received by MALSTROM'S PROCESS SERVING CO. to be served on **Bob Thomas, 386 N. 3rd Avenue, Stayton, OR 97383**.

I, Debra Stone, do hereby affirm that on the **4th day of November, 2006** at **11:40 am, I:**

SUBSTITUTE SERVED the within named Law Enforcement Officer a **Summons; Complaint; First Request for Production; Case Assignment** by delivering a true copy to **David Ball , Officer,** the person designated to receive such documents.

**Additional Information pertaining to this Service:**
**A mailing copy was mailed today, November 7, 2006.**

I am a competent person over 18 years of age and a resident of the State of Oregon; I am not a party to nor an officer, director or employee of, nor attorney for any party. The entity served by me is the same entity named in the action.

THIS IS YOUR COPY.
ORIGINAL FILED WITH COURT.

______________________________
**Debra Stone**
Process Server

**MALSTROM'S PROCESS SERVING CO.**
**167 High Street S.E.**
**P.O. Box 2031**
**Salem, OR 97308-2031**
**(503) 585-0234**
Our Job Serial Number: 2006009481

Service Fee: $35.00

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V5.9s

# RETURN OF SERVICE

**State of Oregon** **County of Marion** **Circuit Court**

Case Number: 06C-20824

PLAINTIFF:
**DAWN WARDLE TAMBURRI**

vs.

DEFENDANT:
**CITY OF STAYTON, et al**

Received by MALSTROM'S PROCESS SERVING CO. to be served on **Michael Meeks, 386 N. 3rd Avenue, Stayton, OR 97383**.

I, Debra Stone, do hereby affirm that on the **4th day of November, 2006** at **11:40 am, I:**

SUBSTITUTE SERVED the within named Law Enforcement Officer a **Summons; Complaint; First Request for Production; Case Assignment** by delivering a true copy to **David Ball , Officer,** the person designated to receive such documents.

**Additional Information pertaining to this Service:**
**Mailing copy was mailed today, November 7, 2006.**

I am a competent person over 18 years of age and a resident of the State of Oregon; I am not a party to nor an officer, director or employee of, nor attorney for any party. The entity served by me is the same entity named in the action.

THIS IS YOUR COPY.
ORIGINAL FILED WITH COURT.

**Debra Stone**
Process Server

**MALSTROM'S PROCESS SERVING CO.**
**167 High Street S.E.**
**P.O. Box 2031**
**Salem, OR 97308-2031**
**(503) 585-0234**
Our Job Serial Number: 2006009480

Service Fee: $35.00

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V5.9s

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| DAWN WARDLE TAMBURRI,<br>Plaintiff,<br>v.<br>CITY OF STAYTON, an Oregon municipal corporation; DAVID BALL, individually and in his official capacity as a Stayton City Police Officer; BOB THOMAS, individually and in his official capacity as a Stayton City Police Detective; and MICHAEL MEEKS, individually and in his official capacity as a Stayton City Police Sergeant,<br>Defendants. | Case No. 06C-20824<br>NOTICE OF INTENT TO TAKE DEFAULT |

To: Defendants City of Stayton, Officer David Ball, Detective Bob Thomas, Sergeant Michael Meeks and their attorney, Gerald Warren.

The summons and complaint having been properly served upon defendant Ball on November 4, 2006 and upon all other defendants on November 7, 2006, respectively, and defendants having failed to file an Answer in this matter to date, plaintiff hereby gives notice of her intent to move for an order of default against defendants on December 11, 2006 if no Answer is filed in the matter by **Friday, December 13, 2006**.

Dated this 8th day of November, 2006.

[signature]

Samuel T. Stanke, OSB No. 03463
Of Attorneys for Plaintiff



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssatty@qwest.net

# CERTIFICATE OF SERVICE

I certify that on this 8th day of November, 2006, a true copy of the foregoing NOTICE OF INTENT TO TAKE DEFAULT was served by facsimile and regular mail as shown below. If served by facsimile, a true copy of the transmission confirmation sheet is attached.

Gerald L. Warren
City County Insurance Services
280 Liberty St. SE, Suite 206
Salem, OR 97301
Fax: 503-779-2716
*Of Attorneys for Defendants*

Samuel T. Stanke, OSB No. 03463
Of Attorneys for Plaintiff



**SAMUEL T. STANKE**
Attorney at Law, LLC
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssatty@qwest.net

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| DAWN WARDLE TAMBURRI, Plaintiff, v. CITY OF STAYTON, an Oregon municipal corporation; DAVID BALL, individually and in his official capacity as a Stayton City Police Officer; BOB THOMAS, individually and in his official capacity as a Stayton City Police Detective; and MICHAEL MEEKS, individually and in his official capacity as a Stayton City Police Sergeant, Defendants. | Case No. 06C-20824<br>AMENDED NOTICE OF INTENT TO TAKE DEFAULT |

To: Defendants City of Stayton, Officer David Ball, Detective Bob Thomas, Sergeant Michael Meeks and their attorney, Gerald Warren.

The summons and complaint having been properly served upon defendant Ball on November 4, 2006 and upon all other defendants on November 7, 2006, respectively, and defendants having failed to file an Answer in this matter to date, plaintiff hereby gives notice of her intent to move for an order of default against defendants on December 11, 2006 if no Answer is filed in the matter by **Friday, December 8, 2006.**

Dated this 17th day of November, 2006.

Samuel T. Stanke, OSB No. 03463
Of Attorneys for Plaintiff



SAMUEL T. STANKE
Attorney at Law
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: xsatty@qwest.net

# CERTIFICATE OF SERVICE

I certify that on this 17th day of November, 2006, a true copy of the foregoing AMENDED NOTICE OF INTENT TO TAKE DEFAULT was served by facsimile and regular mail as shown below. If served by facsimile, a true copy of the transmission confirmation sheet is attached.

Gerald L. Warren
City County Insurance Services
280 Liberty St. SE, Suite 206
Salem, OR 97301
Fax: 503-779-2716
*Of Attorneys for Defendants*

Samuel T. Stanke, OSB No. 03463
Of Attorneys for Plaintiff



SAMUEL T. STANKE
Attorney at Law, LLC
1400 SW Montgomery Street, Portland, OR 97201
Telephone: 503-224-1127 / Fax: 503-228-4454
Email: ssatty@qwest.net